# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NABIL BELAFKIH,**

          Petitioner**,**

                                                    **Case No. 07-C-452**

      **-vs-**

**DEPARTMENT OF HOMELAND SECURITY (DHS),**
**SECRETARY MICHAEL CHERTOFF, BUREAU**
**OF IMMIGRATION AND CUSTOM ENFORCEMENT,**
**KENOSHA COUNTY DETENTION CENTER, SHERIFF**
**DAVID BETH,**

          Respondent.

## DECISION AND ORDER

      The petitioner, Nabil Belafkih ("Belafkih"), is currently being held at Kenosha County Detention Center pursuant to a final order of removal for deportation to Morocco. Pursuant to 28 U.S.C. § 2241, Belafkih argues that he should be released from custody and placed on ICE (Immigration and Custom Enforcement) Supervision.

      According to Belafkih, a final order of removal issued on March 22, 2006. There is a constitutional presumption that the government must secure removal within six months following a final order of removal. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

      If Belafkih's allegations are true, his removal period detention currently more than doubles the presumptive 6-month period. Belafkih also notes difficulty securing appropriate

travel documents from the Moroccan government. Accordingly, there is good reason to believe that Belafkih's removal will not be secured in the foreseeable future. The respondent must provide evidence to the contrary.

However, under Immigration and Naturalization Act (INA) § 241(a)(1)(B)(ii) (8 U.S.C. § 1231), if the removal order is judicially reviewed and the court orders a stay of the removal of the alien, the removal period does not begin to run until the "date of the court's final order." *See Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1223-24 (W.D. Wash. 2004). At this juncture, the Court accepts Belafkih's allegation that the removal period runs from March 22, 2006, but this may prove incorrect if his removal order was subject to judicial review.

Finally, Belafkih requests leave to proceed *in forma pauperis* ("IFP"). This request is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court is directed to send copies of Belafkih's petition [Docket No. 1] and brief in support of his petition [Docket No. 2] to each respondent listed in the caption;

2. The respondent shall file an answer on or before **June 22, 2007**; and

3. Belafkih's motion to proceed IFP [Docket No. 3] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2007.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**